UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Nicole L. Zellner

                                                    Court File No. 14-cv-03287

      Plaintiff,

v.

Wells Fargo Bank, Rushmore Loan
Management, U.S. Bank,

      Defendants.
_____

### NOTICE OF REMOVAL
_____

TO:    Clerk of Court
         United States District Court
         District of Minnesota
         300 South Fourth Street, Suite 202
         Minneapolis, Minnesota 55415

         Court Administrator
         Washington County Courthouse
         14949 62nd Street North
         P.O. Box 3802
         Stillwater, MN 55082

         Nicole L. Zellner
         5665 North 157th Street
         Hugo, MN 55038
         *Pro Se Plaintiff*

      **PLEASE TAKE NOTICE** that Defendant Rushmore Loan Management Services, LLC (hereinafter "**Rushmore**")[1] and Defendant U.S. Bank (collectively, hereinafter referred to as "**Removing Defendants**"), by their undersigned attorneys, remove this action to the

---

[1] Erroneously named as "Rushmore Loan Management"

United States District Court for the District of Minnesota.

The grounds for removal are:

1. Plaintiff filed the Summons and Complaint with the state court administrator on July 14, 2014. A state court file number was assigned by the Washington County Court Administrator as 82-CV-14-3551. Attached are accurate copies of the Summons and Complaint. Defendant U.S. Bank was served with a copy of the Summons and Complaint on July 29, 2014.

2. Defendant Rushmore has not yet been properly served with Plaintiff's Summons and Complaint.

3. To date, no Defendant has served an answer or otherwise responded to the Plaintiff's Complaint.

4. Removing Defendants' thirty days in which to remove has not yet expired and the timing for removal is proper.

5. Plaintiff's claims are removable to Federal Court pursuant to 28 U.S.C. § 1331 because it involves a question of federal law related to the Home Affordable Modification Program ("HAMP") established under 12 U.S.C. §§ 5201 et seq., 5211 et seq., and 5225 et seq. Plaintiff's additional claims arise from the same case and controversy and therefore fall under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Plaintiff's claims are removable to Federal Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a)(1). This Court's jurisdiction must be assessed by examining the Complaint on its face as of the time of filing this Notice of Removal. *See Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 390 (1998) ("[F]or purposes of removal

jurisdiction, we are to look at the case as of the time it was filed in state court.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case disclosed by the plaintiff's complaint is controlling in the case of removal. . . .")); *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009).

7.     Plaintiff, upon information and belief, is a Minnesota resident currently residing at 5665 North 157th Street, Hugo, Minnesota 55038. (Compl., ¶ 14-15.)

8.     Upon information and belief, Defendant Wells Fargo Bank is a national association organized and existing under the laws of the United States of America, and is headquartered in San Francisco, California. Thus, for purposes of diversity jurisdiction, Wells Fargo is a citizen of California and therefore diverse from Plaintiff. 28 U.S.C. § 1332(c)(1).

9.     At the present time, and at the commencement of this action, Defendant Rushmore is a Limited Liability Company organized and existing under the laws of Delaware with its principal place of business in the state of California. Thus, for the purposes of diversity jurisdiction, Rushmore is a citizen of the States of Delaware and California and therefore diverse from Plaintiff. 28 U.S.C. § 1332(c)(1).

10.    At the present time, and at the time of commencement of this action, Defendant U.S. Bank is a National Association organized and existing under the laws of the United States of America with its main office located in Cincinnati, Ohio. Thus, for the purposes of diversity jurisdiction, U.S. Bank is a citizen of Ohio and is therefore diverse from Plaintiff. 28 U.S.C. § 1332(c)(1).

11.    The amount in controversy exceeds 28 U.S.C. § 1332(b)'s requirement of

$75,000, exclusive of interest and costs.  The amount in controversy for removal jurisdiction is determined at the time of removal. *Laughlin James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Bell v. Hershey Co.*, 557 F.3d 953, 958-59 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original).

7.  Based upon Plaintiff's claims and request for relief, the amount in controversy requirement is met:

a.  Plaintiff's request that the foreclosure sale be declared void puts into controversy more than $75,000.  (Compl., *ad damnum* clause.)  The amount in controversy for a claim of this type is measured by the value of the property.  *Butler*, 2011 WL 2728321, at *3; *Garland v. Mortg. Elec. Registration Sys., Inc.*, Civil Nos. 09-71 (JNE/JJG), 09-72 (JNE/JGG), 09-342 (JNE JJG), 09-430 (JNE/JJG), 2009 WL 1684424, at *2-3 (D. Minn. June 16, 2009) (holding that when a party seeks to invalidate a foreclosure, as Plaintiff requests here, the way to measure the value of this right is by the value of the property itself).

b.  Here, the property is worth more than $75,000. *See* 2014 Washington County Minnesota online tax records (Washington County 2014 total estimated market value of the property in question is $227,000.00). The property was sold at public auction in January 2014 for 225,000.00. The outstanding indebtedness on the loan at the time of the sale, the bid at the sale, and the value of the property all far exceed the $75,000.00 requirement.

8. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Removing Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

## **CONCLUSION**

9. In light of the foregoing, The above-entitled action is a civil action over which this Court would have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and which therefore may be removed to this Court pursuant to 28 U.S.C. § 1441 based upon federal question jurisdiction and diversity jurisdiction.. By this notice of removal and the associated attachments, Removing Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections it may have to this action.

10. Removing Defendants intend to convey no admission of fact, law, or liability by virtue of this notice, and they expressly reserve all defenses, motions and/or pleas.

11. Removing Defendants pray that the State Court Action be removed to this Court, that all further proceedings in the state court be stayed, and that Removing Defendants receive all additional relief to which they are entitled.

**WILFORD, GESKE & COOK, P.A.**

Dated:  August 28, 2014   By:  s/ Christina M. Snow
　　　　　　　　　　　　　　　　Christina M. Snow, #034963X
　　　　　　　　　　　　　　　　8425 Seasons Parkway, Suite 105
　　　　　　　　　　　　　　　　Woodbury, Minnesota 55125
　　　　　　　　　　　　　　　　(651) 209-3300

　　　　　　　　　　　　　　　　*Attorneys for Defendants Rushmore Loan*
　　　　　　　　　　　　　　　　*Management and U.S. Bank*